IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John S. Stritzinger, | ) | C/A No. 3:15-4798-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Katherine B. Wright; Vernon Wright; | ) | |
| Christopher Grant; Baltimore Investment | ) | |
| Research and Planning Firm, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, John S. Stritzinger ("Plaintiff"), a self-represented litigant, filed this action on November 30, 2015. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b), Local Civil Rule 73.02(B)(2) (D.S.C.) on Plaintiff's Motion to Reopen. (ECF No. 12.)

Plaintiff moved to voluntarily dismiss this case on December 10, 2015. (ECF No. 4.) By order dated January 28, 2016, the court granted Plaintiff's motion to dismiss and Plaintiff's case was terminated.[1] (ECF No. 8.) On September 12, 2016, Plaintiff filed this Motion to Reopen, seeking to proceed with the case. (ECF No. 12.)

Rule 41 provides:

(a) Voluntary Dismissal.

    (1) By the Plaintiff.

        (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

---

[1] The court noted that no permission was needed for Plaintiff to voluntarily dismiss the case.

> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal–or state–court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.
>
> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41. The effect of a voluntary dismissal under Rule 41(a)(1) is that the district court is thereafter deprived of jurisdiction. See Jones, Blechman, Woltz & Kelly, PC v. Babakaeva, 375 F. App'x 349, 350 (4th Cir. 2010) (stating the district court was divested of jurisdiction when the action was terminated by the filing of a motion for voluntary dismissal pursuant to Rule 41(a)(1)(A)(i)); see also Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990) (noting that district courts lack jurisdiction over the substance of a case after a Rule 41(a)(1)(A)(i) notice of dismissal is filed). Moreover, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective at the moment the notice of dismissal is filed, and no action by the court is necessary to execute it. Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993) ("If the plaintiff files



a notice of dismissal before the adverse party serves it with an answer or a motion for summary judgment, the dismissal is available as a matter of unconditional right, and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required.") (internal quotations and citations omitted).

This case was voluntarily dismissed by Plaintiff pursuant to Rule 41(a)(1)(A)(i) because the defendants had not yet been served.  Therefore, at the moment Plaintiff filed the notice of voluntary dismissal, the case was terminated and this court was divested of jurisdiction.  See Jones, 375 F. App'x at 350; Marex Titanic, 2 F.3d at 546.[2]  To proceed with his claims, Plaintiff must file a new action.  Accordingly, Plaintiff's Motion to Reopen is denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 25, 2016
Columbia, South Carolina

---

[2] To the extent Plaintiff argues his Notice of Voluntary Dismissal was conditional, the court notes that while it may impose conditions on voluntary dismissal under Rule 41(a)(2), see Davis v. USX Corp., 819 F.2d 1270 (4th Cir. 1987), no parallel rule exists to make dismissals conditional under Rule 41(a)(1).